UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERTRUDE DAVIS GOROD,<br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>TOM REILLY, ATTORNEY GENERAL,<br>MICHELLE KACZYNSKI, ARMAND<br>FERNANDES, JR. ELIZABETH LA STAITI,<br>Defendants. | C. A. No. 04-10037-REK |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

This pro se action for damages alleging deprivation of constitutional and civil rights is brought against the Commonwealth of Massachusetts ("Commonwealth"), the Attorney General of the Commonwealth, a former Assistant Attorney General, and two state judges. Complaint at ¶¶ 2-7, 18. For the following reasons, this action should be dismissed.

1.   The action against the Commonwealth is barred by the Eleventh Amendment to the United States Constitution. Fed. R. Civ. P. 12(b)(1) and (6).

2.   Official capacity claims against the individual defendants are barred by the Eleventh Amendment to the United States Constitution. Fed. R. Civ. P. 12(b)(1) and (6).

3.   Individual capacity claims against the individual defendants are barred by absolute immunity. Fed. R. Civ. P. 12(b)(1) and (6).[1]

4.   The action should be dismissed for lack of subject matter jurisdiction

---

[1]   The Complaint fails to specify whether Gorod has brought individual or official capacity claims against the individual defendants. As a matter of law, both types are barred.

1

pursuant to the Rooker-Feldman doctrine. Fed. R. Civ. P. 12(b)(1).

5.     The action against the individual defendants is barred for failure to comply with the rules regarding service of process. Fed. R. Civ. P. 12(b)(4).

## II. BACKGROUND

Plaintiff, a citizen of the Commonwealth, alleges that she and her brother are the legal heirs to the estate of her late uncle, but have not received the inheritance due. Complaint at ¶¶ 1, 8, 10, 12-13. The estate was the subject of litigation in the Commonwealth's probate and family court. Complaint at ¶ 10; Attachment to Complaint. Two of the defendants, Armand Fernandes Jr. ("Fernandes") and Elizabeth La Staiti ("La Staiti") are judges of the probate and family court. The plaintiff previously brought an action before Judge O'Toole in this Court against the Commonwealth, Fernandes and La Staiti "claiming that the defendants wrongfully deprived her of an inheritance and that they violated her civil rights". Exhibit A (Memorandum and Order, p.1, dated July 3, 2002, by Judge O'Toole in Gorod v. Commonwealth, et.al., 01-11709- GAO).

Among other rulings, Judge O'Toole granted the defendants' motion to dismiss, stating that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"; applying judicial immunity to any individual capacity claims; and noting that the action "probably is barred by the Rooker-Feldman doctrine". Id. at pp. 4-5. Defendant Michelle Kaczynski ("Kaczynski") was an Assistant Attorney General in the office of defendant Massachusetts Attorney General Tom Reilly ("Reilly"), and was one of the attorneys who represented the Commonwealth, La Staiti and Fernandes in that action. Attachment A to Complaint. Now, the plaintiff seeks damages against the Commonwealth, La Staiti, Fernandes,

2

Kaczynski, and Reilly again alleging wrongful deprivation of an inheritance.

For each of the independent reasons below, this action should be dismissed in its entirety.

### III. ARGUMENT

A.   The Eleventh Amendment Bars The Action Against The Commonwealth

Under the Eleventh Amendment, an unconsenting State is immune from suit brought in federal court by her own citizens. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974), reh'g denied, 416 U.S. 1000 (1974). There has been no such waiver to suit by the Commonwealth. Irwin v. Commissioner of the Department of Youth Services, 388 Mass. 810, 821, 448 N.E.2d 721, 728 (1983). Accordingly, the action against the Commonwealth is barred.

B.   The Eleventh Amendment Bars Any Official Capacity Claims Against
     La Staiti, Fernandes, Kaczynski and Reilly

An official capacity suit for damages seeks "to impose a liability which must be paid from public funds in the state treasury" and is barred by the Eleventh Amendment. Edelman, 415 U.S. at 663. Any official capacity claims against La Staiti, Fernandes, Kaczynski and Reilly are barred. Id. Any official capacity claims are similarly barred by Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). In Will, the Supreme Court stated that an official capacity suit is not a suit against the official, but rather against the official's office. Id. at 71. "As such, it is no different from a suit against the State itself", with the officials not considered "persons" under 42 U.S.C. § 1983, and the claim thus barred. Id. Accordingly, any official capacity claims against La Staiti, Fernandes, Reilly and Kaczynski are barred.

C.   Any Individual Capacity Claims Against La Staiti, Fernandes, Kaczynski and Reilly Are Barred by Absolute Immunity

The alleged actions by La Staiti, Fernandes and Kaczynski were in connection with their respective roles in the prior litigation involving Gorod.  See Complaint; Exhibit A.

Judicial immunity bars any individual capacity claims against La Staiti and Fernandes. It is settled that "generally, a judge is immune from a suit for money damages".  Mireles v. Waco, 502 U.S. 9, 9 (1991) (citing cases).  It is a "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself".  Id. at 10; Stump v. Sparkman, 435 U.S. 349, 355 (1978), reh'g denied, 436 U.S. 951 (1978).  Without judicial immunity, a "resulting avalanche of suits, most of them frivolous but vexatious" would occur.  Forrester v. White, 484 U.S. 219, 226-27 (1988).  "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."  Mireles, 502 U.S. at 11.[2]  Thus, any individual capacity claims against La Staiti and Fernandes are barred.  See Exhibit A (Memorandum by Judge O'Toole at p.4: to "the extent that Gorod is suing Fernandes and La Staiti in their individual capacities they are immune from the suit because judges cannot be sued for damages resulting from actions they took as part of the 'administration of justice'").

Absolute immunity similarly bars any individual capacity claims against Kaczynski. In Dinsdale v. Commonwealth, 424 Mass. 176, 177, 180-81 (1997), the Massachusetts Supreme Judicial Court held that assistant attorneys general are absolutely immune from civil rights claims

---

[2]   Only when a judge acts "in the complete absence of all jurisdiction" or performs a "nonjudicial" act, e.g. demoting a court employee, is the immunity inapplicable.  Mireles, 502 U.S. at 11-12; Stump, 435 U.S. at 356-57.

based on their conduct in civil litigation. The Supreme Judicial Court noted that other jurisdictions "have extended this absolute immunity to government attorneys in their conduct of civil litigation" and "have concluded that all three criteria articulated by the United States Supreme Court as determinative of whether to grant an official absolute immunity are satisfied by the integral function of such attorneys in the judicial process". Id. at ¶ 180 (citing the 2nd, 8th and 9th circuit courts of appeal).

In Dinsdale, the Supreme Judicial Court further noted that the three criteria were satisfied, stating that there is an "historical and common law basis for granting" such absolute immunity; "conducting civil litigation on behalf of the government poses obvious risks of entanglement ... in vexatious and burdensome litigation by disgruntled litigants"; and attorneys "are still subject to other checks whereby an abuse of authority might be redressed". Id. at ¶ 180-81.[3] Accordingly, any individual capacity claims against Kaczynski are barred by absolute immunity.

Finally, it appears that the only alleged action by Reilly was a failure to reply to a letter. Complaint at ¶ 15.[4] As a matter of law, such allegation fails to state a claim.

### D. This Court Lacks Subject Matter Jurisdiction Pursuant To The Rooker-Feldman Doctrine

Pursuant to the Rooker-Feldman doctrine, federal district and circuit courts are precluded from reviewing state court judgments or federal claims which are inextricably intertwined with

---

[3] Qualified immunity would apply if the "challenged activity is beyond the realm of litigation and involves the assistant attorneys general in roles other than that of advocates". Id. at ¶ 181.

[4] Plaintiffs does not reference Reilly in paragraph 18 of the Complaint where she seeks damages against the Commonwealth, Fernandes, Kaczynski and La Staiti.

claims adjudicated by a state court.[5]  Picard v. Members of Employee Retirement Bd. of Providence, 275 F.3d 139, 145 (1st Cir. 2001) (citation omitted).  "A federal claim is inextricably intertwined with the state-court claims 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it'".  Id.  The Rooker-Feldman doctrine applies because this action essentially challenges the decisions of the state probate and family court.  See Complaint; Exhibit A (Memorandum by Judge O'Toole at p. 4 n. 1; "appears that Gorod's action probably is barred by the Rooker-Feldman doctrine"); Exhibit B (in a related action brought by plaintiff's brother, the First Circuit noted it "is plain that Rooker/Feldman applies to this action").[6]  For this additional reason, this action should be dismissed.

    E.    <u>All Claims Against La Staiti, Fernandes, Kaczynski and Reilly Should Be Dismissed Because They Were Not Served With A Complaint And Summons</u>

In violation of Fed. R. Civ. P. 4, plaintiff did not serve the individual defendants with a copy of Complaint and Summons.[7]  The four Summons and Complaint were sent to the office of the Massachusetts Attorney General.  See Exhibit C.  The address allegations in the Complaint for Kaczynski, Fernandes and La Staiti each stated "c/o Tom Reilly, Attorney General".  Complaint at ¶¶ 4-6.  The respective three Summons each stated "c/o Commonwealth of Massachusetts".  Exhibit C.  The remaining Summons lists the Commonwealth first - not Reilly

---

[5] The doctrine was established by District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

[6] See Complaint at ¶ 8 ("plaintiff Gorod and her brother Fred Davis are the true legal heirs").

[7] The individual defendants make a limited appearance in this action - solely for matters related to the Defendants' Motion to Dismiss.

- and has the address of the office of the Massachusetts Attorney General. Id. Accordingly, the action against the individual defendants should be dismissed.

## IV. CONCLUSION

For each of the above reasons, this action should be dismissed in its entirety.

                        Defendants
                        By Their Attorney

                        THOMAS F. REILLY
                        ATTORNEY GENERAL

                        Jason Barshak, BBO # 564040
                        Assistant Attorney General
                        Government Bureau/Trial Division
                        200 Portland Street, 3rd Floor
                        Boston, MA 02114
                        (617) 727-2200, Ext. 3316

Date: February 2, 2004