UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
GERTRUDE DAVIS GOROD,               )
    Plaintiff                       )
                                    )
    v.                              )   CIVIL ACTION
                                    )   NO. 04-10037-REK
COMMONWEALTH OF MASSACHUSETTS,      )
TOM REILLY, ATTORNEY GENERAL,       )
MICHELLE KACZYNSKI,                 )
ARMAND FERNANDES, JR., and          )
ELIZABETH LASTAITI,                 )
    Defendants                      )
_____ )

**Memorandum and Order**
May 18, 2004

### I. Pending Matters

Pending for decision are matters related to the following filings:

(1) Defendants' Motion to Dismiss (Docket No. 6) and Memorandum in Support (Docket No. 7) (both filed February 3, 2004);

(2) Defendants' Motion for Leave to File Motion to Dismiss Without Local Rule 7.1 Conference (Docket No. 8, filed February 3, 2004); and

(3) Plaintiff's Motion for Entry of Default (Docket No. 11, filed February 4, 2004).

### II. Disposition of the Case

In this civil action, the pro se plaintiff asserts that the Commonwealth of Massachusetts, its Attorney General, an Assistant Attorney General, and two state probate judges deprived her and her brother of her inheritance from her late uncle's estate. She seeks $1 million

in damages (including pain and suffering) from each defendant except Fernandes, from whom she seeks $1,031,528.15. She also seeks punitive damages, costs, and legal fees. The basis for her claim against each defendant is not entirely clear from the complaint. She claims that Judge Fernandes awarded her money from her uncle's estate, but later failed to pay the money. She asserts that Assistant Attorney General Kaczynski and Judge Lastaiti stole her inheritance, although she does not explain how. She states that Attorney General Reilly failed to respond to her letter in which she demanded redress. She argues that this court has jurisdiction because she was deprived of "Constitutional Rights and Civil Rights, Failure to be paid monies ordered by the Court."

Construing the pro se plaintiff's pleadings liberally, I read her claim as an action alleging that the Commonwealth of Massachusetts deprived her of property in violation of the Due Process Clause of the Fourteenth Amendment. I also interpret the complaint as seeking recovery under 42 U.S.C. § 1983.

I rule that each of the defendants is immune from suit. Under the Eleventh Amendment, a suit may not be brought against a state or against its officers in their official capacity for money damages. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Moreover, suits against officers in their official capacities may not be maintained under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Furthermore, the individual defendants are absolutely immune from suit. The two probate judges enjoy judicial immunity, since their entire involvement in this case appears to stem from their adjudication of a probate matter. See Mireles v. Waco, 502 U.S. 9, 10 (1991)

("[G]enerally, a judge is immune from a suit for money damages.") Likewise, a number of jurisdictions have held that government attorneys are absolutely immune from suit based on their conduct in civil litigation. See Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir. 1991); Murphy v. Morris, 849 F.2d 1101, 1105 (8th Cir. 1988); Barrett v. United States, 798 F.2d 565, 572 (2d Cir. 1986); Dinsdale v. Commonwealth, 424 Mass. 176, 180 (1997).

The defendants also argue that this court lacks subject-matter jurisdiction under the Rooker-Feldman doctrine. See Picard v. Members of Employee Retirement Bd. of Providence, 275 F.3d 139, 145 (1st Cir. 2001). But the plaintiff does not appear to challenge the outcome of the probate adjudication. Instead, she asserts that she never received the money the court declared was due her. In these circumstances, the Rooker-Feldman doctrine appears inapplicable.

Nevertheless, because none of the defendants is amenable to suit for the actions alleged, the Order below ALLOWS the defendants' motion to dismiss.

Although the defendants' Motion to Dismiss appears to have been filed late, no purpose would be served by directing the Clerk to enter a Notice of Default, where the proposed relief is unavailable to the plaintiff. In these circumstances, the Order below DENIES the plaintiff's Motion for Entry of Default.

**Order**

For the foregoing reasons, it is ORDERED:

(1) Defendants' Motion to Dismiss (Docket No. 6) is ALLOWED.

(2) Defendants' Motion for Leave to File Motion to Dismiss Without Local Rule

3

7.1 Conference (Docket No. 8) is ALLOWED.

      (3) Plaintiff's Motion for Entry of Default (Docket No. 11) is DENIED.

      (4) The Clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

      Judgment for defendants, with costs.

      /s/Robert E. Keeton
      Robert E. Keeton
      Senior United States District Judge